UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONATHON ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-CV-130 |
| CHAMPION HOME BUILDERS, INC., | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the motion to dismiss filed by Defendant Champion Home Builders, Inc. (ECF 11). In response, Plaintiff Jonathon Anderson filed a "Motion to Amend Complaint and Response to Defendant's Motion to Dismiss" (ECF 12). Champion chose not to file a reply brief and so this matter is ripe for resolution. For the reasons set forth below, the motion to dismiss filed by Defendant Champion Home Builders, Inc. (ECF 11) is DENIED and the motion to amend filed by Plaintiff Jonathon Anderson (ECF 12) is GRANTED. The Clerk of the Court is instructed to docket the Plaintiff's First Amended Complaint, attached to his motion to amend as Exhibit 1.

**STANDARD OF REVIEW**

"'A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted.'" *Savoy v. BMW of N. Am., LLC*, 313 F.Supp.3d 907, 913 (N.D. Ill. 2018) (quoting *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015)). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although Rule 8(a) requires only a "short and plain statement" of the plaintiff's claims, to survive a motion to dismiss a complaint must consist of more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. (quoting *Twombly*, 550 U.S. at 555). A complaint that contains factual allegations that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 677 (quoting *Twombly*, 550 U.S. at 557). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "'Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Tobey v. Chibucos*, 890 F.3d 634, 644-46 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 679). Finally, and importantly in this case, "a motion to dismiss

under Federal Rule of Civil Procedure 12(b)(6) 'tests the sufficiency of the complaint, not the merits of the case.'" *Tarzian v. Kraft Heinz Foods Co.*, 2019 WL 5064732, at *2 (N.D. Ill. Oct. 9, 2019) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012)).

## DISCUSSION

Jonathan Anderson filed his Complaint against Champion on March 29, 2019. Complaint (ECF 1). Anderson states that he was employed by Champion for about six months[1] but was discriminated against and terminated in violation of Title VII, 42 U.S.C. § 1981 and the Americans with Disabilities Act. Anderson alleges as follows:

> The Plaintiff, Jonathon Anderson, alleges that he was discriminated against, retaliated against, and discharged on account of his race (African-American), his color (black), his disability (back injury substantially impairing his everyday life activities of walking, lifting, twisting/turning and working), for complaining about discrimination and attempting to engage in the interactive process in requesting reasonable accommodations–all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*. ("Title VII"), 42 U.S.C. § 1981, the American with Disabilities Act of 1990, 42 U.S.C. § 12111 et. seq. ("ADA")–all based upon the facts and circumstances alleged in his Charge of Discrimination No. 470-2018- 03647, filed with the EEOC on or about July 25, 2018, a copy of which is attached hereto and made apart [sic] hereof and incorporated herein as Exhibit A.

*Id*., p. 1. Anderson seeks "judgment against the Defendant, for back pay, front pay, compensatory damages, punitive damages, reasonable attorney's fees and costs[.]" *Id*., p. 2. It is true, as Champion contends, that Anderson's Complaint and the EEOC Charge incorporated into it, are sparse on factual details and include a host of conclusory allegations and statutory "buzzwords." But the issue is whether his allegations are sufficient now–at the pleading stage at

---

[1] Anderson's Complaint itself makes no mention of his dates of employment with Champion, but in his Charge of Discrimination he states that he "worked for Respondent Champion Home Builders, Inc., from about January 28, 2018[,] to about June 18, 2018." Charge of Discrimination (ECF 1-1), p. 1.

3

which the Court must draw all reasonable inferences in Anderson's favor–to put Champion on notice of the claims being asserted against the company. The Court concludes that they are sufficient to meet the Rule 8 and *Iqbal/Twombly* pleading standards.

Champion insists that Anderson's Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Motion to Dismiss, p. 1. Champion argues that "Anderson cites no factual bases to his allegations but only references an attached illegible Charge of Discrimination filed with the Equal Employment Opportunity Commission[.]" Memorandum in Support of Motion to Dismiss (ECF 11-1), p. 1. Champion also argues that Anderson's Complaint "fails to specify any facts in support of his allegations of retaliation by Defendant. . . . Nowhere in his Complaint or the attached EEOC Charge, are there facts supporting a claim of illegal retaliation of Anderson's protected conduct. Thus, as a result of Anderson's complete failure to properly plead any facts of retaliation against Champion, Anderson's Complaint, pursuant to Title VII, must be dismissed as a matter of law." *Id.*, pp. 2-3. Champion also argues that the Complaint fails to establish a claim under 42 U.S.C. § 1981 because it "fails to provide facts demonstrating that his race provided the reason for Champion's termination[.]" *Id.*, p. 3. Finally, Champion argues that Anderson's Complaint fails to state a claim for violation of the ADA, since "[n]owhere in the Complaint nor EEOC Charge[] does Anderson state he was still qualified to perform the essential function of his job, with or without reasonable accommodations. Rather, it appears that Anderson was unable to perform his essential job functions (i.e., including installing heavy toilets into mobile homes) as he states in his EEOC Charge that on June 11 2018, he *attempted* to go to work and *tried* to perform his duties yet had to leave work due to the severity of his disability. . . . Without alleging his ability to continue to

4

perform the essential functions of his job, Anderson has not properly plead a claim pursuant to the ADA." *Id*., p. 4. Champion closes its memorandum in support of its motion by reiterating that "[w]hile the Court may consider the incorporated allegations in Anderson's EEOC Charge as part of Anderson's Complaint, said allegations are illegible and as a result Champion cannot decipher many of the allegations stated. Thus, at a minimum, Anderson should be required to legibly plead his claim in order to properly put Champion on notice of said claims." *Id*., p. 5.

In summary, Champion argues that it "cannot decipher" Anderson's claims because the copy of the EEOC Charge attached to his Complaint was illegible, and that he fails to state viable claims under § 1981, Title VII or the ADA because his allegations are too few and too cursory to provide Champion with adequate notice of the factual bases for those claims.

Champion is correct that Anderson's Complaint is sparse on facts to support his claims. Anderson relies on the statements and assertions in his EEOC Charge to fill in the blanks. In his Charge, Anderson includes the following factual recitation to support his claims:

> Complainant alleges that he was discriminated against on account of his disability/perceived disability (back injury causing pain substantially impairing Complainant's everyday life activities of walking, lifting, and working).
>
> Complainant alleges that he was discriminated against by being prohibited to enjoy the benefits of his at-will employment relationship with Respondent unlike similarly situated Caucasians and non-blacks, contrary to 42 U.S.C. § 1981.
>
> Complainant alleges that he was discriminated against and discharged on account of his race and color (African American/black) in violation of Title VII and 42 U.S.C. § 1981 in that Complainant was one of the few African Americans/blacks working for Respondent (Complainant was the only black person working in his department); from the start of his job with [Champion] Assistant Manager Bruce ___ over scrutinized the Complainant and always "watched" him; Respondent treated Complainant differently with respect to the terms, conditions, benefits and privileges of his employment and treated Caucasian employees better (certainly as to being injured and needing time off work to rehabilitate).

> Complainant alleges that he was discriminated against and discharged because of his disability/perceived disability, and was denied the interactive process, and he was denied the reasonable accommodation of staying off work and getting doctor's care for his back injury[.]

Charge of Discrimination (ECF 1-1), pp. 1-2. As further factual support for his ADA claim, Anderson states in his EEOC Charge as follows:

> [Plaintiff] injured his back on or about June 10, 2018; he attempted to go to work on June 11, 2018, and tried to perform his duties, which included lifting and installing heavy toilets in mobile homes; . . . [he] complained to his team leader that he needed to get his back checked out by a physician; the team leader called Bruce ___ (Assistant Plant Manager), who told Complainant to go to a physician and come back with a note; . . . the physician ordered Complainant to be off work for a week; Complainant called his employer and told them that he could not come back that day; Complainant called the next morning and informed the Respondent through voicemail that he would not be returning to work until June 18, 2018[,] with a doctor's note; when Complainant went to work on June 18, 2018[,] and presented the doctor's note to Bruce ___, he said to Complainant, "Jon Anderson, what are you doing here, you think you still have a job?" and he said, "you was terminated last week." Bruce saw the doctor's note in Complainant's hand and asked for it. Complainant gave the note to Bruce ___ and he read it. Bruce ___ also told Complainant that he heard the message about bringing in documents on June 18, but he still informed Complainant that he was terminated. Bruce ___ told Complainant that he was terminated the week prior. Complainant asked for his termination papers but Bruce ___ ignored the Complainant.

*Id.*, p. 2. That is the entirety of Anderson's recitation of the factual bases for his claims.

Champion argues that these factual assertions are insufficient to state a claim for race discrimination or retaliation or violations of the ADA. But while the allegations in Anderson's Complaint and EEOC Charge are insufficient to establish all the elements of each of Anderson's causes of action, that is not the burden he must meet at this juncture. The Court reiterates that a Rule 12(b)(6) motion "tests the sufficiency of the complaint, *not the merits of the case*." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d at 878 (emphasis added).

**1. Failure to provide legible copy of EEOC Charge.**

As to Champions's first argument–that the EEOC Charge attached to Anderson's Complaint was illegible–the Court notes that the copy of the Charge that was filed through the Court's electronic case filing system is legible. *See* Charge of Discrimination (ECF 1-1). It is possible, of course, that any "hard" copy of the Complaint and Charge sent to Champion may have included an illegible copy of the Charge, but that defect could have been cured with a phone call to Plaintiff's counsel to get another copy. The copy filed and docketed in this case is legible and Champion had access to it, so this argument is not a legitimate basis for seeking dismissal of Anderson's Complaint.[2]

**2. Failure to state a claim for retaliation under Title VII.**

Champion contends that Anderson's allegations of discrimination in his Complaint and EEOC Charge are nothing more than conclusory statements that he was discriminated against, and that they lack adequate factual foundation. Champion insists that "Anderson fails to specify any facts supporting any allegations of illegal retaliation by Champion Home. Nowhere in [Anderson's] Complaint or the attached EEOC Charge, are there facts supporting a claim of illegal retaliation of Anderson's protected conduct. Thus . . . Anderson's Complaint, pursuant to Title VII, must be dismissed as a matter of law." Memorandum in Support, p. 3.

The problem with Champion's argument is that it specifically challenges a purported "retaliation claim *under Title VII*." *Id*., p. 2 (italics added). But Anderson does not appear to be asserting a retaliation claim under Title VII. Rather, he alleges that his termination was

---

[2] In support of his motion to amend, Anderson states that "to satisfy Defendant's need for 'legibility,' Plaintiff has attached a more clear copy of the Charge of Discrimination to the Amended Complaint." Response and Motion to Amend, p. 3.

retaliatory in violation of the ADA. In fact, Anderson states in his response brief that he "concedes that he does not state a retaliation claim under Title VII[.]" Brief in Response, p. 1. The facts Anderson presents in support of his retaliation claim all relate to and flow from his ADA claim, as discussed below. Nowhere in Anderson's Complaint, proposed Amended Complaint, or in his brief does he state that he is bringing a claim of retaliation under Title VII. To the extent that Champion's motion to dismiss attacks a Title VII retaliation claim, it is moot since no such claim is asserted (as Anderson concedes). To the extent that Champion challenges Anderson's claim of retaliation under the ADA, the motion will be denied for the reasons the Court explains below when addressing that ADA claim. But since no Title VII retaliation claim exists, Champion's motion to dismiss such a claim is denied as moot.

### 3. Failure to state a claim under 42 U.S.C. § 1981.

Champion argues that Anderson's claim of race discrimination under § 1981 must be dismissed because Anderson does not plead sufficient facts to establish that his race was the "but-for" reason he was fired. Champion presents its argument as follows:

> Section 1981 requires a "but-for" causation analysis. . . . Where a Plaintiff alleges that race was only one factor in an adverse employment action, s/he can find no relief under Section 1981. . . . Thus, if there is a "mixed motive" for an adverse employment action, i.e., the adverse action would have occurred even without the allegedly discriminatory reason, that reason cannot be a "but-for" cause of the adverse action. . . . If a plaintiff alleges additional, non-racial motives for an adverse employment action, said claim fails as a matter of law. . . . Here, Anderson alleges he was discriminated against, retaliated against and discharged on account of his race, his color, his disability and for complaining about discrimination and attempting to engage in the interactive process in requesting reasonable accommodations. . . . Thus, because Anderson alleges four different motives, or "mixed motives" for the basis of his termination, his claims under Section 1981 fail as a matter of law.

Memorandum in Support, pp. 3-4 (internal citations omitted). So, Champion insists that since

Anderson alleges several different reasons or motives for his firing (Title VII, the ADA and § 1981), and since § 1981 race claims require a plaintiff to prove that race was the "but-for" cause of his termination (as opposed to merely a motivating factor, which is the burden of proof for a Title VII race claim), his § 1981 claim fails. In other words, if Anderson was, in fact, fired in violation of the ADA, he cannot press a § 1981 claim because race was not the "but-for" cause of his termination–something else was.

Champion's argument on this issue is misplaced because Defendant misunderstands and misapplies the "mixed motive" legal concept. Mixed motive cases are those in which a defendant employer had both *legal* reasons and *illegal* reasons for taking adverse action against an employee. For example, if an employer terminated a black employee because he failed to show up for work, and also told the employee that the company doesn't want black people working there, the employer had "mixed motives" for that termination. The comment about race would give rise to a Title VII race discrimination claim but would *not* give rise to a § 1981 claim because race was not the "but-for" reason he was fired, i.e., he would have been fired in any event because he failed to show up. But that is not the basis of Champion's argument now. Here, Anderson claims he was illegally discharged on the basis of his race, on the basis of his disability (or perceived disability), and in retaliation for having complained about discrimination under the ADA. The legal concept of "mixed motives" applies where a defendant employer presents legitimate reasons for an adverse action even while a plaintiff presents evidence that his race was a contributing factor. Champion, though, is trying to argue that if a plaintiff alleges different theories of liability, as in this case, he cannot bring a § 1981 claim also because a § 1981 claim is *only* viable when race is the "but-for" cause of an adverse action.

9

Another district court explained it this way:

> [Defendant] also contends that [Plaintiff's] ADA claims must be dismissed because his complaint alleges mixed motives for his termination. *An employer has mixed motives when an employer has both legitimate and illegitimate grounds for an employee's termination. Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 959 (7th Cir. 2010). When an employer has mixed motives for an employment decision, the employer can be held liable only if it would have made the same decision absent the illegal motive. *Id.* (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 242, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)). [Defendant], however, argues that [Plaintiff] has failed to state a claim because he advances the mixed-motive theory that he was discriminated against both for his disability and for his race and national origin. [*Defendant*] *has offered, and this Court is aware of, no authority establishing that alleging multiple forms of illegal discrimination constitute[] an improper mixed-motive theory*. [Defendant's] argument, moreover, is plainly contrary to the alternative pleading provisions of Federal Rule of Civil Procedure 8. Accordingly, this Court disregards that conclusory argument and finds no basis for dismissing [Plaintiff's] ADA claims.

*Alamo v. City of Chicago*, 2018 WL 5830763, at *4 (N.D. Ill. Nov. 7, 2018) (italics added). More recently, another district court explained as follows:

> "A plaintiff alleging race discrimination need not allege each evidentiary element of a legal theory to survive a motion to dismiss." *Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-14 (2002). Rather, all the complaint needs to say is that Plaintiff was fired, or not rehired, because of his race. *See id.*; *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say."); *Sroga v. City of Chicago*, 2019 WL 5208870, at *5 (N.D. Ill. Oct. 16, 2019) ("Sroga is merely at the pleading stage where the requirements in the race-discrimination context are minimal, and he need only allege that he was passed over for employment because of his race."). Furthermore, Plaintiff is correct that a § 1981 claim requires showing that race was a "motivating factor" in, not the but-for cause of, an employment decision. *See Boyd v. Ill. State Police*, 384 F.3d 888, 985 (7th Cir. 2004). "A motivating factor is a factor that weighs in the defendant's decision to take the action complained of . . . . It is a, not necessarily the, reason that he takes the action." *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1006 (7th Cir. 2005) (citations omitted). The amended complaint meets the low bar for pleading a § 1981 claim.

*Saud v. DePaul Univ., et al.*, 2019 WL 5577239, at *6 (N.D. Ill. Oct. 29, 2019). *See also,*

*Washington v. Magna Exteriors*, 2019 WL 4918146, at *2 (N.D. Ill. Oct. 4, 2019) ("The elements and proof for Section 1981 claims are essentially identical to Title VII claims and do not need to be separately analyzed. *Brown v. Advocate South Suburban Hosp.*, 700 F.3d 1101, 1104 n.1 (7th Cir. 2012). Looking to the race discrimination claims of Counts I and III, plaintiff need only plead that his employer instituted a specified adverse employment action against him based on his race. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Plaintiff alleges he was demoted because of his race. This is sufficient to give defendant "notice to enable [it] to begin to investigate and prepare a defense," which is all that is required of plaintiff. *Id.*, at 1085.))

Accordingly, Champion's argument that Anderson's § 1981 claim must be dismissed at this stage in the proceedings due to his alleged failure to establish that race was the "but-for" cause of his termination is not well taken and is denied.

There is another reason why Champion's argument on this issue is unavailing, which is that the issue of "but-for" causation in § 1981 cases is an open issue currently under consideration in the U.S. Supreme Court in the case of *National Association of African American-Owned Media v. Comcast Corp.*, 743 F. App'x 106 (9th Cir. 2018), cert. granted in part, 2019 WL 1116317 (U.S. June 10, 2019) (No. 18-1171). In *Comcast*, the Supreme Court granted a petition for writ of certiorari on this very question: "'Does a claim of race discrimination under 42 U.S.C. § 1981 fail in the absence of but-for causation?'"). *Weiping Liu v. Indium Corp. of Am.*, 2019 WL 3825511, at *19 (N.D.N.Y. Aug. 15, 2019); *Naumovski v. Norris*, 934 F.3d 200, 213 (2d Cir. 2019) ("We note . . . that the Supreme Court recently granted a petition for a writ certiorari in *National Association of African American-Owned Media v.*

11

*Comcast Corp.*, . . . on the following question: 'Does a claim of race discrimination under 42 U.S.C. § 1981 fail in the absence of but-for causation?'"). In the present case, neither Anderson nor Champion discusses (or even mentions) the pending *Comcast* case, likely because the Supreme Court granted the petition for certiorari in that case on June 10, 2019, just one day before Anderson's response brief was filed. Not only is the Supreme Court considering whether a § 1981 plaintiff must *prove* "but-for" causation to prevail on a § 1981 claim, it is also considering whether a plaintiff must *plead* "but-for" causation to survive a motion to dismiss.[3]

For all of these reasons, Champion's arguments that Anderson's § 1981 claim must be dismissed because it is not viable in a "mixed motive" case and because Anderson fails to expressly plead "but-for" causation in his Complaint is unavailing and the motion to dismiss that claim is denied.

### 4. Failure to state a claim under the ADA.

As stated at the outset, Champion argues that Anderson's ADA claim should be dismissed because Anderson does not assert, either in his Complaint or his EEOC Charge, that he "was still qualified to perform the essential function of the job either with or without reasonable accommodations. Without alleging his ability to continue to perform the essential functions of

---

[3] The Ninth Circuit held that mixed motive claims are cognizable under § 1981, such that even if racial animus was not the but-for cause of a discriminatory act, a plaintiff can still prevail by showing discriminatory intent was a factor in the decision. The Ninth Circuit concluded that the district court improperly dismissed the claims in the second amended complaint because plaintiffs only needed to plausibly allege discriminatory intent was a factor in the refusal to contract. The Supreme Court granted the petition for writ of certiorari on that issue. As Justice Kagan put it during oral argument in *Comcast*, "The question here is really what [§ 1981 plaintiffs] have to allege [at the pleading stage]." *Comcast*, Oral Argument Transcript, p. 7 (available at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2019/18-1171_ljgm.pdf) (last visited on Nov. 19, 2019).

his job, Anderson has not properly plead a claim pursuant to the ADA." Memorandum in Support, p. 4. Champion notes correctly that "[t]o state a claim pursuant to the ADA, a plaintiff must allege that '(1) he is 'disabled'; (2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability.'" Memorandum in Support, p. 4 (quoting *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013)). While those are indeed the elements a plaintiff must prove to prevail on an ADA claim, the issue now before this Court is what Anderson must do at the pleading stage to avoid dismissal of his claim–and the answer is not much. Even in *Gogos*, the case cited by Champion, the Seventh Circuit reversed the district court's dismissal of the plaintiff's ADA claim, holding that his complaint included sufficient assertions and allegations to survive the defendant's motion to dismiss:

> Gogos alleges facts sufficient to satisfy the remaining elements necessary to state a claim for relief under Title I of the ADA. He alleges that he had forty-five years of experience as a pipe welder and that he worked for AMS as a welder and pipe fitter for more than a month before he was fired; thus, he adequately pleads that he was qualified to perform the essential functions of his job. See 42 U.S.C. § 12112(a); *Peters v. City of Mauston*, 311 F.3d 835, 845 (7th Cir. 2002). And he alleges that he suffered an adverse employment action because of his disability: he asserts that immediately after he reported his medical conditions to his foreman at AMS, the foreman fired him. See 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4(a)(1)(ii).

*Gogos*, 737 F.3d at 1173. Anderson's allegations don't have much meat on their bones, but are similar enough to those in *Gogos* to withstand Champion's motion to dismiss. In a more recent case, the Seventh Circuit explained as follows:

> . . . Freeman has stated a claim for disability and retaliation claims under the ADA. The general rule in federal court calls only for notice pleading, *see Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), but some theories of recovery require more detail than others in order to give the required

13

notice. That is why we noted in *Tate v. SCR Medical Transportation*, 809 F.3d 343, 345 (7th Cir. 2015), that a plaintiff advancing a claim under the ADA must allege that he is disabled but, with or without reasonable accommodation, can still do the job. Normally he also must allege what exactly makes him disabled.

*Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019). The Seventh Circuit reversed the district court's dismissal of Freeman's complaint, explaining that "[w]e emphasize that we are holding only that these allegations suffice to initiate Freeman's litigation. Later proceedings will determine whether he can prove them." *Id*.

For his part, Anderson insists that his assertions and allegations are sufficient to put Champion on notice of his claims under the ADA, especially at the pleading stage, and the Court agrees. Anderson argues as follows:

> Plaintiff engaged in the interactive process and complained that he needed to get his back checked out by a physician and that he needed time off work to help resolve his disabling back condition per physician's orders. . . . Thus Defendant was put on notice of Plaintiff's attempts to engage in the interactive process and to obtain reasonable accommodations under the ADA. . . . "Plaintiff was denied the reasonable accommodation of staying off work and getting doctor's care for his back injury[.]" . . . Plaintiff claimed that his termination was retaliatory (violating ADA discrimination–being disabled, failing to engage in the interactive process and denying [Anderson] reasonable accommodations and terminating [him] for requesting the reasonable accommodation of time off work to heal and rehabilitate). . . . As for Plaintiff being qualified to perform the essential functions of his job, the clear inference from the Charge is that he attempted to return to work on June 18, 2018[,] when he presented a doctor's note to his employer. If he returned to work, then he was ready and qualified to work.

Response to Motion to Dismiss, pp. 2-3 (internal citations to Charge of Discrimination omitted).

Anderson also insists that his proposed First Amended Complaint clears up any confusion about his ADA claim and makes clear that he was, in fact, able to perform his job if only Champion would have accommodated him by allowing him to take time off to rehabilitate his back injury. *Id*., p. 3 ("[S]o as to make it crystal clear to the Defendant that he was a qualified

14

individual with a disability and could perform his job either with or without reasonable accommodation, Plaintiff has so stated in the proposed Amended Complaint[.]").

Finally, Anderson submitted his proposed Amended Complaint with his response brief and moves the Court to grant him permission to file it. There is little difference between the original Complaint and the proposed First Amended Complaint. In fact, the only difference is that in the proposed Amended Complaint Anderson incorporates more of the factual assertions contained in his EEOC Charge into the Complaint itself. Anderson alleges in his proposed First Amended Complaint as follows:

> Under the ADA, Plaintiff contends that he was a qualified individual with a disability in that he could, either with or without reasonable accommodations, perform the essential functions of his job and that when he returned to work pursuant to doctor's orders on June 18, 2018[,] and presented a doctor's note to his employer, the employer knew and should have known that Plaintiff was ready and willing to perform his job duties. However, instead of letting Plaintiff work, Defendant terminated the Plaintiff because of his disability and out of retaliation for engaging in the interactive process and requesting reasonable accommodations.

First Amended Complaint (ECF 12-1), p. 2, ¶ 4. In all other respects the proposed Amended Complaint is a verbatim repeat of the original one. In any event, the Court concludes that Anderson's allegations, even as originally presented through his EEOC Charge, are sufficient to state claims against Champion for violations of the ADA, i.e., that the company discriminated against him in violation of the ADA and fired him in retaliation for complaining about Champion's alleged refusal to accommodate him by allowing him to take time off to treat and rehabilitate his back injury. In fact, Anderson expressly alleges that he complained to Champion, through his Assistant Plant Manager, that he had a back injury that needed medical attention, that the Assistant Plant Manager "told Complainant to go to a physician and come back with a

15

note[,]" that a physician instructed Anderson to remain off work for one week, that he returned to Champion on June 18, 2018, ready to perform his job, presented his doctor's note to the manager, and was told that he had already been terminated. These allegations and assertions are sufficient to put Champion on notice of the foundation for Anderson's ADA claims. Champion argues that Anderson was *not* able to perform his job, with or without reasonable accommodation, because "he *attempted* to go to work and *tried* to perform his duties yet had to leave work due to the severity of his disability." Memorandum in Support, p. 4 (italics in original). But this argument is also misplaced. Anderson readily concedes that he was unable to perform his job on June 11. But he also states that he had worked at Champion for six months before his back injury and that he *was able* to perform his job when he returned with a doctor's note on June 18, but was fired anyway. Anderson is correct that the reasonable inference to be drawn from those facts is that he was able to perform his job, with or without reasonable accommodation, at the time he fired. As with his race claims, it remains to be seen whether Anderson can establish a *prima facie* case of ADA violations on a more developed record. But for present purposes, his allegations are sufficient to survive a motion to dismiss. For these reasons, Champion's motion to dismiss Anderson's ADA claims is denied. And even though the proposed First Amended Complaint is not substantively different from the original one, in that it merely includes more of the allegations from Anderson's EEOC Charge, it also does not attempt to raise new claims or recharacterize the original ones. Accordingly, the Court will grant Anderson's motion to file his First Amended Complaint.

## CONCLUSION

For the reasons set forth above, the motion to dismiss filed by Defendant Champion Home Builders, Inc. (ECF 11) is DENIED and the motion to amend filed by Plaintiff Jonathon Anderson (ECF 12) is GRANTED. The Clerk of the Court is instructed to docket the Plaintiff's First Amended Complaint, attached to his motion to amend as Exhibit 1.

Date: November 20, 2019.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana